UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:19-CR-00669 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| CHRISTOPHER JORDAN | ) | |

ORDER

This Order accompanies Court Set 1 of the revised jury instructions to explain the edits and decisions reflected in the Court's revisions. (The pagination numbering refers to the page numbers on the bottom of the pages of Court Set 1, rather than to the PDF page number.)

**Opinion Testimony (page 13).** Right now, Court Set 1 includes Agent Jonathan Luca on the list of opinion witnesses. But if the defense does not want to include him on the list, the Court will consider that request during the instructions conference.

**Elements—Stipulations to Nos. 4 and 5 (page 19).** The Court simply points out that the stipulations on the fourth and fifth elements have not been read to the jury yet.

**Paragraph on Statute of Limitations (page 22).** Court Set 1 edited the proposed instruction so that "and/or" now is simply "or" in the phrase "while he was working at JPMorgan or Credit Suisse." The government need not prove that the scheme to defraud stretched across both banks so long as it proves that the defendant participated in the alleged scheme at some point after August 22, 2009.

**Intent to Defraud (page 23).** Court Set 1 adopts the Pattern Instruction the definition of intent to defraud. It is true, as the defense contends, that federal-fraud offenses are often referred to in the case law as "specific" intent crimes. But that is legal-ese, intended (no pun intended) to distinguish specific-intent crimes from general-intent crimes, that is, from crimes that only require having a general intent to

commit the *act* at issue without an additional underlying mental state. Here, the Pattern definition of intent to defraud already incorporates the additional underlying mental state, that is, an intent "to deceive or cheat." Adding the otherwise-undefined word "specific" would only confuse the jury.

**Good Faith (Request 26).** Court Set 1 removes Request 26, which is the defense's request for a good-faith instruction. In the trial of Jordan's co-defendants earlier this year, the Court took the same approach as the district court in *Vorley*—that is, rejecting the proposed instruction—and the *Vorley* decision was affirmed in *United States v. Chanu*, 40 F.4th 528, 543 (7th Cir. 2022). Jordan argues that his defense is different from that of the co-defendants, but for purposes of this instruction, there is really no distinction. Here, like the earlier trial, the good-faith instruction is unnecessary to advance the defense of good faith because Jordan can still argue the *absence* of an intent to defraud. *Id.* at 543. The definition of intent to defraud allows Jordan to make exactly the argument that he advances, namely, he honestly believed that he was not making false representations by placing the alleged large-side orders. So there is no *upside* to giving the good-faith instruction.

Like the earlier trial, there is a *downside* to the good-faith instruction because it poses the risk of misleading jurors into thinking that a defense along the lines of "mistake of law" is viable, when it is not. There has been plentiful cross-examination suggesting that the defendant was not on sufficient notice that the conduct now known as spoofing violated his employers' compliance policies or CME Rule 432. So, just as in the earlier trial, given the trial evidence and lines of questioning, the jury might misinterpret this instruction as exculpating the Defendant if he did not understand what he did was a violation of the law—which is not a valid defense. Sometimes the good-faith instruction will be appropriate. But not here. Request 26 is excluded.

                                                                                                      s/Edmond E. Chang
                                                                 Honorable Edmond E. Chang
                                                                 United States District Judge

DATE: December 5, 2022