**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

UNITED STATES OF AMERICA

v.

CHRISTOPHER JORDAN

No. 1:19-CR-00669-4

Judge Edmond E. Chang

**COURT SET 2—REVISED JURY INSTRUCTIONS**

## Functions of the Court and Jury

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give each of you a copy of these instructions to use in the jury room.

You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## The Charge

The charge against the defendant is in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges Defendant Christopher Jordan with wire fraud affecting a financial institution. The defendant has pled not guilty to the charge.

The indictment is simply the formal way of telling the defendant what crime he is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

**Presumption of Innocence & the Burden of Proof**

The defendant is presumed innocent of the charge against him. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove his innocence. He is not required to produce any evidence at all.

### The Evidence

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, emails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence. A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

### Considering the Evidence

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own every-day experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

## Direct and Circumstantial Evidence

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

**Number of Witnesses**

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

## Defendant's Right Not to Testify

The defendant has an absolute right not to testify. You may not consider in any way the fact that the defendant did not testify. You should not even discuss it in your deliberations.

## Credibility of Witnesses

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness's testimony. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;
- the witness's ability and opportunity to see, hear, or know the things the witness testified about;
- the witness's memory;
- the witness's demeanor;
- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;
- the truthfulness and accuracy of the witness's testimony in light of the other evidence presented; and
- inconsistent or consistent statements or conduct by the witness.

**Attorney Interviewing Witnesses**

It is proper for an attorney to interview any witness in preparation for trial.

## Prior Inconsistent Statements—Witnesses

You have heard evidence that before the trial, certain witnesses made statements that may be inconsistent with their testimony here in court. You may consider an inconsistent statement made before the trial only to help you decide how believable a witness' testimony was during the trial here in court.

**Opinion Testimony**

You have heard from the following witnesses, who gave opinions and testimony: David King; Mark Catana; Erin Middleton; Kumar Venkataraman; and Mark Ready.

You do not have to accept these witnesses' opinions. You should judge the opinions and testimony of each of these witnesses in the same way you judge the testimony of any other witness. In deciding how much weight to give to these opinions and testimony, you should consider how the witnesses reached their opinions or conclusions, and the factors I have already described for determining the believability of testimony.

## Summaries Received in Evidence

Certain summaries and charts were admitted in evidence. You may use those summaries as evidence. It is up to you to decide how much weight to give to the summaries.

**Demonstrative Summaries and Charts Not Received in Evidence**

During the trial, certain demonstrative materials such as charts, summaries, or animations were shown to you to help explain other evidence that was admitted. These materials are not themselves evidence or proof of any facts, so you will not have these particular materials during your deliberations. If these demonstrative materials do not correctly reflect the facts shown by the evidence, you should disregard them and determine the facts from the underlying evidence.

### Note-taking

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent memory of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

**Charged Offense Distinguished from Compliance and Rules**

You have heard evidence of compliance policies issued by JPMorgan Chase and Credit Suisse, and evidence of rules issued by the CME.

Even if there is evidence that the defendant violated any compliance policies or CME rules, that violation would not, standing alone, be sufficient to convict the defendant. A company's compliance policies and the rules of the CME are not necessarily the same as federal law governing the alleged criminal offense. So even if you were to find that the defendant violated a compliance policy or rule, that does not necessarily mean that there was a violation of the law.

These instructions that I am giving to you comprise the federal law that you are to apply. You must apply the law I have given you and the government must prove a violation of the law beyond a reasonable doubt.

**Dates of Crime Charged**

The indictment charges that the crime alleged happened "on or about" certain dates. The government must prove that the crimes happened reasonably close to the dates. The government is not required to prove that the crimes happened on those exact dates.

There is one modification to this instruction: later in these instructions (on page 21), when I instruct you that the government must prove that a particular act or charge happened after a specified date, then that date is fixed and proof that the act or charge happened "reasonably close" to the fixed date is not sufficient.

## Wire Fraud Affecting a Financial Institution

The indictment charges the defendant with wire fraud affecting a financial institution. In order for you to find the defendant guilty of this charge, the government must prove each of the following five elements beyond a reasonable doubt:

1. The defendant knowingly devised or participated in a scheme to defraud, as charged in the indictment;

2. The defendant did so with the intent to defraud;

3. The scheme to defraud involved a materially false or fraudulent pretense, representation, or promise;

4. For the purpose of carrying out the scheme or attempting to do so, the defendant caused interstate or international wire communications to take place in the manner charged; and

5. The scheme affected a financial institution.

As you have heard, the parties have entered into stipulations relating to the fourth and fifth elements.

If you find from your consideration of all the evidence, including the parties' stipulations, that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you should find the defendant not guilty.

### First Element – Definition of "Knowingly"

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**First Element—Definition of "Scheme to Defraud"**

A scheme is a plan or course of action formed with the intent to accomplish some purpose.

A "scheme to defraud" is a scheme that (1) is intended to deceive or cheat another and (2) is intended to obtain money or property from the alleged victims or cause the potential loss of money or property to the alleged victims by means of materially false or fraudulent pretenses, representations, or promises.

A materially false or fraudulent pretense, representation, or promise may be accomplished by an omission or the concealment of material information where there are representations and the omission renders those representations misleading.

### First Element—Proof of Scheme

In considering whether the government has proven a scheme to defraud, the government must prove that one or more of the false or fraudulent pretenses, representations, or promises charged in the part of the indictment describing the scheme be proved beyond a reasonable doubt. The government, however, is not required to prove all of them. However, to find that the government has proven this element, you must agree unanimously on which particular false or fraudulent pretense, representation, or promise the defendant made.

In addition, the government must prove beyond a reasonable doubt that the defendant devised or participated in a scheme to defraud after August 22, 2009, and while he was working at JPMorgan or Credit Suisse.

**Second Element—Definition of "Intent to Defraud"**

A person acts with "intent to defraud" if he acts knowingly with the intent to deceive or cheat the alleged victim in order to obtain money or property from the alleged victim or to cause the potential loss of money or property to the alleged victim.

### Third Element—Materially False or Fraudulent Pretense, Representation, or Promise

A false or fraudulent pretense, representation, promise, omission, or concealment is "material" if it has a natural tendency to influence the decision of the alleged victim to whom it was addressed.

It is not necessary that the false or fraudulent pretense, representation, promise, omission, or concealment actually have that influence or be relied on by the alleged victim, as long as it has the natural tendency to do so.

## Success Not Required

The wire fraud statute can be violated whether or not there is any loss or damage to the victim of the crime or gain to the defendant.

The government need not prove that the scheme to defraud actually succeeded.

**Fourth Element—Wire Communication**

Electronic order messages, telephone calls, e-mails, instant messages, text messages, and electronic filing of documents constitute transmissions by means of wire communication.

As you have heard, the parties have entered into a stipulation that relates to this fourth element.

### Use of Interstate Communication Facility

The government must prove that interstate or international communication facilities were used to carry out the scheme, or were incidental to an essential part of the scheme.

In order to cause interstate or international wire communications to take place, a defendant need not actually intend that use to take place. You must find that the defendant knew this use would actually occur, or that the defendant knew that it would occur in the ordinary course of business, or that the defendant knew facts from which that use could reasonably have been foreseen. However, the government does not have to prove that a defendant knew that the wire communication was of an interstate or international nature.

The defendant need not actually or personally use interstate or international communication facilities. Although an item communicated interstate or internationally need not itself contain a fraudulent representation or promise or a request for money, it must carry out or attempt to carry out the scheme.

In connection with whether a wire transmission was made, you may consider evidence of the habit or the routine practice of an organization.

As you have heard, the parties have entered into a stipulation that relates to this fourth element.

**Fifth Element—Affected a Financial Institution**

A scheme "affected" a financial institution if it exposed the financial institution to a new or increased risk of loss. The term "financial institution" includes an insured depositary institution and a branch or agency of a foreign bank.

As you have heard, the parties have entered into stipulations that relate to this fifth element.

### CFTC Investigation

You have heard evidence of a separate civil investigation by the U.S. Commodity Futures Trading Commission (CFTC) into complaints about silver prices. The CFTC's separate investigation was not part of the Department of Justice's investigation that led to the prosecution in this case, and the complaints about silver prices are not at issue in this case. For your background information, the CFTC closed the inquiry without bringing claims against any company or person. You should not otherwise consider the conclusion of the investigation in your deliberations.

I have given you the federal law that you are to apply in these instructions. You must apply the law I have given you and the government must prove violations of the law beyond a reasonable doubt.

## Punishment

In deciding your verdict, you should not consider the possible punishment for the defendant. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

**Jury Deliberations**

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or about your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, smart phone, iPhone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, Instagram, TikTok, Snapchat, LinkedIn, YouTube, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the Court Security Officer. The note should be signed by the foreperson, or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may

have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

## Verdict Form

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form. Each of you will sign it.

Advise the Court Security Officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

## Unanimity/Disagreement Among Jurors

The verdict must represent the considered judgment of each juror. Your verdict, whether it is not guilty or guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

All of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are the impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.