UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHRISTOPHER JORDAN | Case No. 19-cr-00669<br><br>Hon. Edmond E. Chang |

**DEFENDANT CHRISTOPHER JORDAN'S PROPOSED RESPONSE
TO THE JURY'S QUESTION REGARDING THE DEFINITION OF "KNOWINGLY"**

James J. Benjamin, Jr.
Parvin D. Moyne
Anne M. Evans
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036

Megan Cunniff Church
MOLOLAMKEN LLP
300 N. LaSalle Street
Suite 5350
Chicago, Illinois 60654

*Counsel for Christopher Jordan*

Defendant Christopher Jordan respectfully submits this memorandum regarding the jury note submitted at the end of the second day of deliberations ("Note #1"). Note #1 reads as follows: "We need a clarification of 'is aware of the nature of his conduct,'" and includes a citation to page 19 of the jury instructions. Page 19, in turn, contains the Seventh Circuit pattern jury instruction definition of knowingly:

> A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

ECF No. 804 at 19.

*First*, as explained below and earlier this evening, Mr. Jordan requests that no further instruction be given to the jury beyond the general instruction that the jury should consider their instructions as a whole. The government has suggested that Note #1 raises the specter of mistake of law, but this interpretation of Note #1 is speculative. Mistake of law was not part of the evidence or argument during the trial, and it should not be injected into the jury's deliberations now. Instead, the jury should be referred back to the original instructions, which are accurate and comprehensive. *Second*, to the extent the Court is inclined to provide a response along the lines of the draft answer the Court proposed during this evening's conference (and without waiving his objection to any substantive response to Note #1 that is delivered by the Court), Mr. Jordan proposes revised language set forth below.

**I.      Jury Instructions Should Be Considered as a Whole**

Based on the language of Note #1, it is not clear what the jury is asking about. During this evening's conference, the government suggested that the note reflects confusion "about whether the defendant needs to be aware of the criminal nature of his conduct." 12/8/22 Tr. at 2. In order to address this purported confusion, the government suggested a response to "instruct the jury that

1

the defendant does not need to be aware of the criminal nature of his conduct." *Id*. However, it is not at all clear that the government's interpretation of Note #1 is correct. In light of the Court's pretrial rulings, neither party offered any evidence of any laws or legal issues. There was evidence of CME Rule 432 and bank compliance policies, but the Court clearly (and correctly) instructed the jury that these are not the same thing as law, and the parties studiously avoided any arguments that could give rise to an impermissible "mistake of law" defense. Mistake of law was not part of this trial. The Court's pretrial rulings precluded any evidence or argument relating to a mistake of law. Given the extensive, and successful, efforts to keep "mistake of law" out of this case, we respectfully submit that it would be a mistake to inject the issue into the jury's deliberations at this late date.

An alternative and, we submit, more likely interpretation of Note #1 is that there is some question about whether the government is required to prove that Mr. Jordan knew that his conduct involved a scheme to make statements that were false and fraudulent (i.e., the first element of wire fraud affecting a financial institution), or that he had the intent to deceive or cheat in order to obtain money or property from the alleged victim (i.e., the second element). If that is the nature of the jury's inquiry, then a response addressing "mistake of law" would only add to the confusion by injecting into the deliberations a concept that is not contained in the question and was excluded during the trial.

The Seventh Circuit pattern instruction on "knowingly" has been upheld as accurate in fraud cases. *United States v. Ramirez*, No. 06 CR 809, 2008 WL 4344901, at *3 (N.D. Ill. Mar. 18, 2008), *aff'd*, 574 F.3d 869 (7th Cir. 2009). In this context and when the parties and the Court are operating with incomplete information, it is important not to parse the jury instructions so finely so as to separate *one* clause of *one* sentence of *one* instruction when the jury is otherwise

supposed to consider the instructions as a whole. *See Stewart v. Israel*, 738 F.2d 889, 891 (7th Cir. 1984) ("Instructions are to be evaluated with the understanding that jurors are expected to listen to all they are told by the judge and that they will not isolate a particular portion of the instruction and ascribe to it more importance than the rest."); *see also Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (on review, jury instructions "must be considered in the context of the instructions as a whole and the trial record").

In responding to a jury note, the Court has discretion simply to refer the jury back to the original instructions. *United States v. Span*, 170 F.3d 798, 802 (7th Cir. 1999) ("[i]f the original jury charge clearly and correctly states the applicable law, the judge may properly answer the jury's question by instructing the jury to reread the instructions"); *United States v. Mealy*, 851 F.2d 890, 902 (7th Cir. 1988) (same). A supplemental instruction is appropriate only when it answers "the jury's specific question correctly." *United States v. He*, 245 F.3d 954, 960 (7th Cir. 2001). Here, the jury instructions fairly and adequately explained the meaning of "knowingly," and it is doubtful that Note #1 relates to "mistake of law" as opposed to a more general question about the first and second elements of the offense. Accordingly, we respectfully request that the Court instruct the jury to review the entirety of the "knowingly" instruction on page 19 in the context of the instructions as a whole.

**II.     Suggested Revisions to the Court's Proposed Response**

If the Court determines to provide a substantive response to Note #1, we respectfully suggest (without waiving our objection to any substantive response) that the language be modified as follows:

> In response to your question, I will clarify that the definition of "knowingly" on page 19 of the jury instructions does not mean that the defendant must be aware of whether his alleged conduct violated federal law. Having said that, I remind you that the government must prove beyond a reasonable doubt all of the elements of

3

wire fraud affecting a financial institution, including (1) that the defendant knowingly devised or participated in a scheme to defraud, which is defined on pages 20-21 of the instructions; and (2) that he acted with the intent to defraud, which is defined on page 22 of the instructions and requires that he act "knowingly with the intent to deceive or cheat the alleged victim in order to obtain money or property from the alleged victim or to cause the potential loss of money or property to the alleged victim." I also remind you that you should consider the jury instructions as a whole.

The revision in the first sentence is necessary to avoid giving undue emphasis to the single clause of the definition of "knowingly" referenced in Note #1. The definition of "knowingly" should be read as a whole, including the balancing language in the second half of the first sentence (i.e., "and does not act through ignorance, mistake, or by accident"). We are concerned that extracting a particular phrase (or, as in the Court's proposed response, two words from a particular phrase), could cause the jury to elevate one portion of the definition of "knowingly" and thereby disturb the balance that is embodied in the full definition.

The revisions in the second sentence are meant to correct a typographical error and to ensure that the response points the jury to all of the relevant language describing the first element of the charged offense.

The proposed final sentence is meant to remind the jury of the important point that the jury instructions should be considered as a whole. *See Stewart*, 738 F.2d at 891; *Estelle*, 502 U.S. at 72. We respectfully submit that such a reminder is warranted given the narrow focus of Note #1 on a single clause in a definition that is applicable to the first two elements of the charged offense.

Dated: December 8, 2022

                                            Respectfully submitted,

                                            */s/ James J. Benjamin, Jr.*
                                            James J. Benjamin, Jr.
                                            Parvin D. Moyne
                                            Anne M. Evans
                                            AKIN GUMP STRAUSS HAUER & FELD LLP
                                            One Bryant Park
                                            New York, NY 10036
                                            (212) 872-1000

                                            Megan Cunniff Church
                                            MOLOLAMKEN LLP
                                            300 N. LaSalle Drive
                                            Suite 5350
                                            Chicago, Illinois 60654
                                            (312) 450-6700

                                            *Counsel for Christopher Jordan*