UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 19 CR 669 |
| CHRISTOPHER JORDAN, | Judge Edmond E. Chang |
| Defendant. | |

**UNITED STATES' POSITION REGARDING
THE PROPOSED SUPPLEMENTAL JURY INSTRUCTION**

The United States respectfully submits this memorandum setting forth its position regarding the supplemental jury instruction proposed by the Court in response to the jury's note (the "Supplemental Instruction"). *See* Minute Entry, ECF No. 812. The United States agrees that the Supplemental Instruction should be given to the jury in response to the jury's question (with the two proposed modifications for grammar and clarity set forth in Appendix A).

District courts have "broad discretion" when deciding how to respond to a jury question and have "an obligation to dispel any confusion quickly and with concrete accuracy." *United States v. Sims*, 329 F.3d 937, 943 (7th Cir. 2003). When considering whether the language in a supplemental instruction is appropriate, the Seventh Circuit considers: "(1) whether the instruction as a whole fairly and adequately treated the issue; (2) whether the supplemental instruction was a correct statement of law; and (3) whether the district court answered the jury's question specifically." *Id.* The Supplemental Instruction satisfies all three requirements.

The Supplemental Instruction answers the jury's specific question regarding certain language in the "knowingly" instruction. From the jury's note, it appears the jury is confused about whether the defendant must know that his conduct violated federal law in order to be convicted of wire fraud affecting a financial institution. This confusion likely resulted from defense counsel's repeated assertion and argument that the defendant (i) was not aware of various compliance policies and the CME rules and, therefore, the government could not prove the requisite criminal intent, *see, e.g.*, Tr. 1355:24-1356:19, 1358:18-1359:24, and (ii) did not confess to committing fraud because the defendant did not confess to committing the specific crime of "wire fraud affecting a financial institution," *see, e.g.*, Tr. 557:04-18, 557:19-558:09, 559:10-13, 560:09-11, 1350:01-06.

The Supplemental Instruction is a correct statement of the law that fairly and adequately addresses the jury's request for clarification. The term, "knowingly," does "not necessarily have any reference to a culpable state of mind or to knowledge of the law." *Bryan v. United States*, 524 U.S. 184, 192 (1998). Unless dictated otherwise by the text of a specific statute—which is not an issue here with the wire fraud statute— "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." *United States v. O'Malley*, 739 F.3d 1001, 1007 (7th Cir. 2014) (quoting *Bryan*, 524 U.S. at 193); *see also United States v. Stein*, 712 F.3d 1038, 1040-41 (7th Cir. 2013) ("'knowingly' means knowledge of the facts constituting the offense, not knowledge that those facts make [the alleged conduct] illegal"); *United States v. Wilson*, 159 F.3d 280, 289 (7th Cir. 1998) ("[T]he fact that [the defendant] did not

know about the statute does not mean that he could not have committed a 'knowing' violation of it...."). In addition, the Court's proposed response is consistent with pattern jury instructions defining "knowingly" from other Circuits. *See, e.g.*, 4.8 Knowingly, Ninth Circuit Manual of Model Criminal Jury Instructions (2022) ("The government is not required to prove that the defendant knew that his acts or omissions were unlawful.")[1]; 7.03 Knowingly, Eighth Circuit Manual of Model Criminal Jury Instructions (noting that if an instruction on the definition of "knowingly" is "requested and deemed necessary," the following sentence should be included: "The government is not required to prove that the defendant knew that his acts or omissions were unlawful.").[2] Accordingly, the Supplemental Instruction is appropriately crafted to address the jury's specific question and with a correct statement of the law.

Dated: December 8, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ *Matthew F. Sullivan*
　　　　　　　　　　　　　　　　　　　Matthew F. Sullivan
　　　　　　　　　　　　　　　　　　　Lucy B. Jennings
　　　　　　　　　　　　　　　　　　　Christopher Fenton
　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　Criminal Division, Fraud Section
　　　　　　　　　　　　　　　　　　　(202) 578-6583 (Sullivan)
　　　　　　　　　　　　　　　　　　　matthew.sullivan2@usdoj.gov

---

[1] See https://www.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2022_9.pdf.
[2] See https://www.ca8.uscourts.gov/sites/ca8/files/2021%20Edition-Criminal%20Jury%20Instructions.pdf.

## **Appendix A**

In response to your question, I will clarify that when the definition of "knowingly" refers to the defendant being "aware" of the "nature" of his conduct, that does not mean that the defendant must be aware ~~whether~~ that his alleged conduct violated federal law. Having said that, I remind you that the government must prove beyond a reasonable doubt all of the elements of wire fraud affecting~~ed~~ financial institution, including (1) that the defendant knowingly devised or participated in a scheme to defraud, which is defined on page 20 of the instructions; and (2) that he acted with the intent to defraud, which is defined on page 22 of the instructions and requires that he act "knowingly with the intent to deceive or cheat the alleged victim in order to obtain money or property from the alleged victim or to cause the potential loss of money or property to the alleged victim."

**CERTIFICATE OF SERVICE**

    I, Matthew F. Sullivan, hereby certify that on December 8, 2022, I caused the foregoing filing to be electronically filed with the Clerk of Court by using the Court's electronic filing system, which will automatically send a notice of electronic filing to the parties who have entered an appearance in this case.

        /s/ *Matthew F. Sullivan*
        Matthew F. Sullivan