UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:19-CR-00669-4 |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| | ) | |
| CHRISTOPHER JORDAN | ) | |

**ORDER**

On consideration of the in-court arguments this evening and on review of the written arguments regarding the jury question, R. 813, 814, the Court remains convinced that the jury is most likely asking whether the Defendant must know that his alleged conduct was in violation of federal law or, indeed, even in violation of bank compliance polices or CME Rule 432.

The phrase that the jury excerpted from the definition of "knowingly"—"is aware of the *nature* of his conduct" (emphasis added)—is capable of broad interpretations that require the government to prove more than the what the mental state of "knowingly" actually requires. Specifically, the "nature" of conduct could be interpreted to mean whether the Defendant knew that the conduct was unlawful (that is, "willful" in the spectrum of traditional criminal mental states) or even whether the conduct violated a compliance policy or CME Rule 432. There was extensive examination on whether the Defendant's conduct violated a policy or Rule 432, and as the Court noted earlier, it is not a far step at all to then ask whether the Defendant must know that the alleged conduct violated federal law. The answer is clearly no: willfulness is not required for a wire-fraud conviction. Indeed, the Seventh Circuit has affirmed a definition of "knowingly" that included the explanation: "To act knowingly does not mean that a defendant had to realize he was violating the law." *See United States v. Brown*, 739 F.2d 1136, 1144 & n.5 (7th Cir. 1984).

Indeed, as it stands, the jury only has an instruction explaining that violation of a compliance policy or Rule 432 does not necessarily mean that federal law was violated. The jury does *not* have the converse—and accurate—statement that a violation of federal law does not necessarily require the jury to find that the Defendant

knew that he was violating a compliance policy or Rule 432 (or, for that matter, that the conduct actually violated a policy or the Rule). Although there is no need to go that far in answering the jury's question, it is appropriate to dispel the likely source of conclusion on whether the defendant needed to know that he was violating federal law. The attached response adopts the edits proposed by the defense's backup argument in R. 813 at 4–5.

The Defendant's proposed alternative interpretations of the gist of the jury's question are not realistic. To the defense's thinking, the jury is asking "whether the government is required to prove that Mr. Jordan knew that his conduct involved a scheme to make statements that were false and fraudulent (i.e., the first element of wire fraud affecting a financial institution), or that he had the intent to deceive or cheat in order to obtain money or property from the alleged victim (i.e., the second element)." R. 813 at 3. But the first alternative is explicitly addressed in the instructions (the Defendant must "knowingly devise[] or participate[] in a scheme to defraud," R. 801 at 18) and the second alternative is not sensible because if a person acted with the *intent* to deceive or cheat, then of course that person *knew* that he had the intent to deceive or cheat.

In light of the probable import of the question, the Court will give the attached response. There is no need for further in-court argument on December 9, 2022.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: December 8, 2022

2

**Response to Jury Note of December 8, 2022**

Dear Jury:

      In response to your question, I will clarify that the definition of "knowingly" on page 19 of the jury instructions does not mean that the defendant must be aware of whether his alleged conduct violated federal law. Having said that, I remind you that the government must prove beyond a reasonable doubt all of the elements of wire fraud affecting a financial institution, including (1) that the defendant knowingly devised or participated in a scheme to defraud, which is defined on pages 20–21 of the instructions; and (2) that he acted with the intent to defraud, which is defined on page 22 of the instructions and requires that he act "knowingly with the intent to deceive or cheat the alleged victim in order to obtain money or property from the alleged victim or to cause the potential loss of money or property to the alleged victim." I also remind you that you should consider the jury instructions as a whole.

                                                                       Honorable Edmond E. Chang
                                                                       United States District Judge

DATE: December 9, 2022