IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH and<br>MICHAEL NOWAK,<br><br>Defendants. | Case No. 19-cr-00669<br><br>Hon. Edmond E. Chang |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTION TO BAR THE GOVERNMENT FROM BELATEDLY REVISING ITS VERSIONS OF THE OFFENSE CONDUCT**

Gregg Smith and Michael Nowak respectfully submit this reply in support of their joint motion to bar the government from revising its versions of the offense conduct three months late, in violation of the Court-ordered deadline. *See* ECF No. 827 (the "Motion"). In its opposition, the government contends that barring its late revision would be "an extreme sanction," ECF No. 828 ("Opp. Br."), at 3—but given that the presentence reports are due in less than three weeks' time, there is nothing extreme about holding the government to the deadline and requiring it to withdraw its novel and lengthy expert declaration from consideration by the Probation Office, to prevent unfair prejudice to Defendants.

The government argues that Prof. Venkataraman's December 22, 2022 declaration "is hardly 'novel,'" because he "applied the same methodology that he used when he conducted a loss analysis in the *Vorley* and *Bases* spoofing cases, and the defendants have been provided with copies of Prof. Venkataraman's declarations from both cases." Opp. Br. at 2. As an initial matter, the government's claim is incorrect: It did not provide us with a copy of such a declaration from the *Bases* case; and the *Vorley* declaration that we received as part of the government's pretrial expert

disclosures shows that the methodology applied there was similar, not the same. But more to the point, the fact that the government's expert used a *similar* methodology to analyze *other* universes of alleged spoofing sequences involving *other* traders in two *other* spoofing cases does not somehow make application of such a methodology for the first time here, as to Messrs. Smith and Nowak, non-novel. On the current schedule (which we hope to maintain), Defendants will have no meaningful opportunity to provide the Probation Office with responses to the government's late revision, as Probation will not have time to fairly consider such responses in finalizing its presentence reports. The government's prior production of Prof. Venkataraman's *Vorley* declaration does not cure that manifest unfair prejudice.

The government also contends that its novel analysis "is not based on some 'vast universe of purpo[rted] spoofing sequences[]' [that] the defendants have never seen or analyzed before," because the analysis "is limited to the spoofing sequences that were summarized in GX 499," a summary exhibit that the government introduced at trial. Opp. Br. at 3. But GX 499, like this new analysis, covered *well over a hundred thousand snippets of trading activity*—far beyond any universe of trading sequences in which Defendants were alleged to have spoofed—with extremely broad outer bounds that are entirely inconsistent with the government's spoofing theory, including long durations, minimal imbalances, orders at price levels distant from the best bid/offer, absence of quick cancellations, and deviation from the four-step pattern. Even Prof. Venkataraman did not analyze the GX 499 universe at more than a very high level previously, as the exhibit itself shows. Yet now, in his December 22 declaration, he apparently undertakes a loss analysis of that very broad universe without any evidence whatsoever of causation of loss, and without adhering to any conventional sense of what constitutes a loss, among other serious methodological errors. For example, Prof. Venkataraman's methodology apparently calculates a loss where the market

participants that traded during a given sequence *profited*; or where there was no market imbalance; or where the purported spoof orders were placed nowhere near the best price or remained open for over a minute. The analysis is plainly new and plainly vast, and any suggestion to the contrary is, respectfully, preposterous.

Indeed, if the analysis is "hardly 'novel,'" why did the government not produce it when due? The government pleads "significant time and resource constraints," Opp. Br. at 2, but that does not explain or justify its flagrant disregard for the Court-ordered schedule. If the government knew that it could not meet the deadline because of "time and resource constraints," it should have sought the Court's leave for a further extension. It should *not* have unilaterally decided to provide the declaration to the Probation Office amidst the end-of-year holidays, three months after the deadline, and mere weeks before the presentence reports and sentencing memoranda are due, in reliance on its own (ineffective) statement in September that a declaration was "forthcoming."

Finally, the government states that it "would not oppose a reasonable continuance of the sentencing date," Opp. Br. at 3 n.3—but Defendants very much hope to avoid any delay in sentencing, and we submit that a continuance is unlikely to be needed if the Court grants the Motion.[1] The government's three-month delay should have consequences, and there is no good cause to impose those consequences on Defendants by delaying sentencing. There is nothing "extreme" about requiring the government to withdraw the declaration from consideration by the Probation Office, and the government fails to show otherwise.

WHEREFORE, we respectfully urge the Court to grant the Motion.

---

[1] If the Court does not grant the Motion, Defendants will seek an extension of time to ensure an adequate opportunity to provide the Probation Office with opposing expert declarations in response to the government's late revision.

Dated: January 3, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ David Meister | /s/ Jonathan D. Cogan |
| David Meister | Jonathan D. Cogan |
| Chad E. Silverman | Sean S. Buckley |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | KOBRE & KIM LLP |
| One Manhattan West | 800 Third Avenue |
| New York, NY 10001 | New York, NY 10022 |
| (212) 735-2100 | (212) 488-1200 |
| | |
| William E. Ridgway | Matthew I. Menchel |
| SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | KOBRE & KIM LLP |
| 155 North Wacker Drive | 201 South Biscayne Boulevard, Suite 1900 |
| Chicago, IL 60606 | Miami, FL 33131 |
| (312) 407-0449 | (305) 967-6108 |
| | |
| *Counsel for Michael Nowak* | *Counsel for Gregg Smith* |