# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGG SMITH and<br>MICHAEL NOWAK,<br><br>Defendants. | Case No. 19-cr-00669<br><br>Hon. Edmond E. Chang |

## JOINT STATUS REPORT AND REQUEST BY MR. SMITH FOR AN ADJOURNMENT OF SENTENCING DATE

Pursuant to the Court's May 24, 2023 minute entries (ECF Nos. 882, 883), the parties submit this Joint Status Report setting forth their respective positions concerning whether (i) the Court should consider the Sentencing Guidelines loss calculation at a joint hearing in which both Defendants appear, and (ii) the Court should hear from live witnesses with respect to the loss calculation. At the end of this report, Mr. Smith also respectfully requests an adjournment of his sentencing date due to a scheduling conflict of his lead counsel.

**1. Position of the Government**

The Government believes that a joint hearing on loss calculations would be an efficient use of judicial resources because of the significant overlap in the arguments raised by both defendants. Moreover, given the extensive briefing submitted by the parties, including the multiple, lengthy declarations submitted by each party's expert, with respect to the loss calculations, and consistent with the approaches taken in both the *Vorley* and *Bases* cases, the Government believes that the Court has more than sufficient evidence in the existing record to make a reasonable estimation of loss under the Sentencing Guidelines for both defendants such that testimony from live witnesses

is unnecessary. Regarding Defendant Smith's request to adjourn sentencing, the government would be available for sentencing on July 17-19 and 24-26, and if sentencing is adjourned beyond July 26, the government respectfully suggests that the parties jointly consult with the Court's deputy to find an available date that is amendable to all parties.

**2.     Position of the Defendants**

As the Court is aware, both Mr. Smith and Mr. Nowak have requested that the Court, in imposing a sentence, depart or vary downward from their respective final Guidelines sentencing ranges, regardless of how their respective Guidelines offense levels may be adjusted due to the loss calculation. Nonetheless, we recognize that the Court is obligated to consider the Guidelines in imposing a sentence, and that the Court will therefore need to address the question of loss for each Defendant. Given that there is some (but not complete) overlap between the Defendants' respective positions on loss, we believe it would be sensible for the Court to hold a joint sentencing hearing on the question of loss so that both Defendants may participate and the Court can address the overlapping issues at the same time.

Defendants are of the view that the Court can conclude on the basis of the written submissions that the Government has not met its burden to establish the amount of loss attributable to each Defendant. Mr. Nowak is further of the view that if the Court determines that loss is provable, Mr. Cusimano's declarations establish a reasonable basis to conclude that any losses attributable to Mr. Nowak were, at most, a small percentage of the losses calculated by Professor Venkataraman.

We nevertheless respectfully request that Professor Venkataraman be required to appear and testify at any hearing on loss, and that we have the opportunity to present live testimony of defense experts (Mr. Cusimano and Dr. Attari) in support of Defendants' respective positions on loss. We believe such testimony would assist the Court in evaluating the disputes presented in the

2

parties' highly technical expert declarations. Respectfully, in light of defense experts' schedules, we request as much advance notice as possible if the Court decides to have experts appear live.

Separately, counsel for Mr. Smith has a scheduling conflict and, therefore, respectfully requests that Mr. Smith's sentencing date be adjourned. The Court last week re-set Mr. Smith's sentencing date to July 13. However, lead counsel for Mr. Smith (Jonathan Cogan) has a conflict with that date as he is scheduled to be out of the country on vacation until the night of July 12. In light of this scheduling conflict, Mr. Smith respectfully proposes that the Court re-set his sentencing to the next available date.

Mr. Smith's counsel previously indicated to the Court's deputy that if the Court was inclined to adjourn the hearing on loss in light of this scheduling conflict, the parties would be available from July 17 to July 26, but we understand from the deputy that the Court is currently unavailable during that time. Mr. Nowak continues to consent to an adjournment of the loss hearing and his sentence up to July 26 but respectfully opposes an adjournment beyond that date.

Dated: June 2, 2023

Respectfully submitted,

/s/ Jonathan D. Cogan
Jonathan D. Cogan
Sean S. Buckley
Kelly Spatola
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
(212) 488-1200

Matthew I. Menchel
KOBRE & KIM LLP
201 South Biscayne Boulevard, Suite 1900
Miami, FL 33131
(305) 967-6108

Leanne A. Bortner
KOBRE & KIM LLP
1919 M Street NW
Washington, DC 20036
(202) 664-1935

*Counsel for Gregg Smith*

/s/ Matthew F. Sullivan
Matthew F. Sullivan
Lucy B. Jennings
Christopher Fenton
Criminal Division, Fraud Section
U.S. Department of Justice
(202) 578-6583

*Counsel for the United States*

/s/ David Meister
David Meister
Chad E. Silverman
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
(212) 735-2100

William E. Ridgway
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
155 North Wacker Drive
Chicago, IL 60606
(312) 407-0449

*Counsel for Michael Nowak*